**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1869**

---

DWAYNE OTIS BUREY,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued: March 19, 2026                                          Decided: July 14, 2026

---

Before WYNN, THACKER, and BERNER, Circuit Judges.

---

Petition granted, reversed and remanded by published opinion. Judge Berner authored the opinion, in which Judge Wynn and Judge Thacker joined.

---

**ARGUED:** Siona Sharma, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Petitioner. Lisa Morinelli, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Erica Hashimoto, Director, Max Alderman, Supervising Attorney, Stef Pousoulides, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Petitioner. Brett A. Shumate, Assistant Attorney General, Shelley R. Goad, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

BERNER, Circuit Judge:

After an immigration judge ordered him removed from the United States, Dwayne Burey sought to file a motion to reopen the removal proceedings. Burey's counsel first attempted to timely file the motion electronically, but the immigration court's electronic system prevented him from doing so. He then attempted to timely file a paper copy of the motion in person at the immigration court, but a court clerk refused to accept the paper filing. Finally, when Burey's counsel sent a paper copy by mail, the immigration court accepted it.

The immigration judge denied Burey's motion to reopen on the ground that he missed the statutory filing deadline. Burey appealed to the Board of Immigration Appeals, and a divided panel affirmed. On appeal from the decision of the Board, Burey argues that the immigration court's denial of his motion as untimely—following repeated thwarted attempts to file on time—violated his rights to due process under the Fifth Amendment. We agree and grant Burey's petition for review.[1] We reverse and remand to the Board of Immigration Appeals.

---

[1] This court appointed the Appellate Litigation Clinic at Georgetown University Law Center to represent Burey *pro bono*. The panel commends Georgetown Law Center students, Stef Pousoulides and Siona Sharma, for their written advocacy on behalf of Mr. Burey and Ms. Sharma for her able oral presentation.

2

I.

Petitioner Dwayne Burey is a citizen of Jamaica who came to the United States in 2015 on a work visa. He met and married his wife, a United States citizen, here. After they were married, Burey alleges that his wife became increasingly physically and emotionally abusive. Eventually, she was arrested and charged with domestic violence. The Department of Homeland Security initiated removal proceedings against him after his work visa expired. An immigration judge ordered Burey's removal from the country on September 21, 2021.

After an immigration court orders an individual removed, the individual must generally file a motion to reopen removal proceedings within ninety days. *See* 8 U.S.C. 1229a(c)(7)(C)(i). Recognizing that survivors of domestic violence are often controlled, threatened, or isolated by their abusers, Congress created a special exception to this rule with the passage of the Violence Against Women Act (VAWA). 8 U.S.C. § 1229a(c)(7)(C)(iv). VAWA extends the deadline to file a motion to reopen to one year following the entry of a final order of removal for domestic violence survivors, regardless of gender, and forgives late filing after this deadline where circumstances warrant. *Id.*

On September 21, 2022, exactly one year after Burey was ordered removed, Burey's counsel attempted to file a motion to reopen through the immigration court's electronic filing system. The electronic system rejected Burey's motion, requiring that the motion instead be filed in paper form. That same day, Burey's counsel went to the immigration court and attempted to file the motion in person. A clerk at the immigration court refused to accept the paper copy of the motion, however. The clerk informed Burey's counsel that

3

the motion could only be filed electronically. Burey's counsel explained that the electronic system would not permit the filing, but the clerk still refused to accept it. Had either the online system permitted electronic filing or the clerk permitted in-person filing, the parties agree that Burey's motion would have been timely filed under VAWA's one-year deadline.

The immigration court clerk instructed Burey's counsel to return to the court the following day. Burey's counsel did not return in person the next day, however. Instead, he continued to attempt to file the motion electronically and repeatedly called the clerk's office for assistance. Finally, he mailed a paper copy of the motion, along with a motion to accept a late filing explaining to the immigration court his inability to file the motion electronically and in person. Various documents were attached to the motion, including: a declaration, signed under penalty of perjury, from Burey's counsel's legal assistant explaining the encounter with the immigration court clerk; a printed copy of the electronic system's refusal to accept Burey's filing electronically; and a copy of the petition for relief based on domestic violence that he intended to file with the United States Citizenship and Immigration Services (USCIS). The immigration court recorded the motions and attachments as filed on September 28, 2022.

The Immigration Judge (IJ) denied the motion to reopen as untimely. The IJ concluded that Burey failed to submit sufficient proof that he had been prevented from filing his motion on time. Parties' Joint Appendix (J.A.) 251. The IJ declined to reach the merits of Burey's motion.

Burey appealed to the Board of Immigration Appeals (BIA), arguing that the immigration court's refusal to accept his motion violated his due process rights as

guaranteed by the Fifth Amendment of the United States Constitution. A divided panel upheld the IJ's decision and dismissed Burey's appeal. The majority agreed with the IJ that Burey's motion to reopen was untimely, that his contention that he had been prevented from filing electronically and in person was not supported by the record, and that he had not demonstrated that an exception to timely filing was applicable. One member of the three-judge panel dissented, finding that the record evidence clearly demonstrated that Burey attempted repeatedly to file his motion to reopen in a timely fashion but was prevented from doing so by the immigration court.

Burey petitioned this court for review. We have jurisdiction under 8 U.S.C. § 1252(d)(1). *See Kucana v. Holder*, 558 U.S. 233, 252–53 (2010) (holding that federal courts have jurisdiction to review motions to reopen removal proceedings on a petition for review). Burey was removed from the United States during the pendency of this appeal.[2]

## II.

This court reviews a denial of a motion to reopen for abuse of discretion. *Hussen v. Bondi*, 135 F.4th 150, 159 (4th Cir. 2025). Where the BIA affirms and adopts an

---

[2] Burey sought a stay of removal pending appeal, which this court denied. He was subsequently removed from the country. Though it may appear contradictory, removal from the country does not necessarily moot a case in which the Petitioner seeks relief from removal. *Lopez-Sorto v. Garland*, 103 F.4th 242, 252–53 (4th Cir. 2024). A case is considered moot "when it is impossible for a court to grant any effectual relief to the prevailing party." *Cela v. Garland*, 75 F.4th 355, 360 (4th Cir. 2023) (internal quotation marks omitted). Because it is possible that the Department of Homeland Security "will facilitate [Burey's] return to the country" and that a favorable decision on Burey's VAWA petition could then provide a lawful pathway for him to remain in the country, the case is not moot. *See Lopez-Sorto*, 103 F.4th at 253.

5

immigration judge's decision and includes its own reasoning, we review both decisions. *Cabrera v. Garland*, 21 F.4th 878, 883 (4th Cir. 2022). Questions of law and constitutional claims are reviewed *de novo*. *Tinoco Acevado v. Garland*, 44 F.4th 241, 246 (4th Cir. 2022). We review factual findings for substantial evidence, "treating them as conclusive 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Perez Vasquez v. Garland*, 4 F.4th 213, 220 (4th Cir. 2021) (quoting *Chen v. Holder*, 742 F.3d 171, 178 (4th Cir. 2014)).

Burey argues on appeal that the BIA erred in concluding that the IJ's denial of his motion was not a Fifth Amendment due process violation. As a threshold matter, the Government contends that Burey lacks a cognizable property or liberty interest, as required to prevail on a procedural due process claim. *Smith v. Ashcroft*, 295 F.3d 425, 429 (4th Cir. 2002). We disagree.

The failure to provide a statutory or regulatory procedural protection can constitute a violation of the "constitutional guarantee of due process." *Quintero v. Garland*, 998 F.3d 612, 624 (4th Cir. 2021) (quoting *Jacinto v. INS*, 208 F.3d 725, 727–28 (9th Cir. 2000)). A statute creates a liberty or property interest when it provides an entitlement to, not merely an expectation of, a benefit. *Ashcroft*, 295 F.3d at 429–30. The Government argues that Burey cannot articulate a liberty interest because he is not entitled to reopen his removal proceedings. This misapprehends Burey's asserted statutory right. Burey does not argue that he is entitled to reopen his proceedings; merely that he has a right to file a motion to reopen them. The Immigration and Nationality Act permits a noncitizen to "file one motion to reopen proceedings[.]" 8 U.S.C. § 1229a(c)(7)(A). As we have previously recognized,

6

this statute creates an unambiguous "*right to file*" such a motion. *Williams v. Gonzales*, 499 F.3d 329, 332 (4th Cir. 2007) (emphasis added). It is this right that Burey seeks to vindicate.

Having found a cognizable interest, we now consider whether Burey established a due process violation. To do so, Burey must demonstrate that 1) a defect in his proceedings "rendered [them] fundamentally unfair," and 2) "that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). We address each in turn.

Burey asserts that, despite his best efforts, he was prevented from filing his motion on September 21, 2022, first by the immigration court's electronic filing system and then by an immigration court clerk. Burey provided evidence of both denials. *See* J.A. 256 (including a printed copy of the electronic filing system's refusal to accept Burey's filing) and 258 (including a sworn affidavit documenting the immigration court clerk's refusal to accept Burey's filing in person).

Despite this unrefuted evidence, the IJ and BIA concluded that Burey's claim that he was prevented from filing his motion was "unsupported by the record." J.A. 7. The record evidence in this case, however, compels only one reasonable conclusion: the immigration court prevented Burey from filing his motion on September 21, 2022. Even under our deferential standard of review, the BIA's conclusion to the contrary is clearly erroneous. Furthermore, we readily conclude that the immigration court's refusal to accept Burey's motion "rendered [the proceedings] fundamentally unfair." *Romero v. Bondi*, 150 F.4th 332, 340 (4th Cir. 2025). An immigration court cannot prevent a petitioner from filing a motion and then penalize him for failing to do so.

7

Having established a fundamental defect, Burey must next demonstrate that the defect impacted the result of his proceedings. *Rusu v. U.S. Immigr. & Naturalization Serv.*, 296 F.3d 316, 320 (4th Cir. 2002). On appeal, Burey argues that, but for the immigration court's refusal to accept his filing, he would have satisfied the requirements necessary to reopen his removal proceedings.

The BIA found that, despite the affidavit detailing the immigration court clerk's refusal to accept his motion, Burey was nonetheless unable to demonstrate prejudice for two reasons. Neither reason is availing. First, the BIA determined that Burey was unable to establish prejudice because his counsel did not return to the immigration court the following day on September 22, 2022, as instructed by the clerk. The BIA, however, determined that the deadline for Burey to submit a timely motion was September 21, 2022.[3]

---

[3] On the same day the BIA opinion in Burey's case issued, the Supreme Court clarified in *Riley v. Bondi* that "[a]n order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the [noncitizen] is permitted to' petition the BIA for review of the order." 606 U.S. 259, 267 (2025) (quoting 8 U.S.C. § 1101(a)(47)(B)). In analyzing Burey's claims, the BIA did not have the benefit of this intervening Supreme Court precedent.

As we noted above, in order to be timely, Burey's motion needed to be filed "within 1 year of the entry of the final order of removal[.]" 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). Burey was ordered removed on September 21, 2021. Burey's removal order stated that he was required to file a notice of appeal with the BIA within "30 calendar days[.]" J.A. 363. If no appeal was filed within 30 days, then the order stated that it would become "final" on October 21, 2021. *Id.* This court recently recognized that where, as here, a petitioner does not appeal an immigration judge's order, the order only becomes a "final order of removal" upon expiration of the period to appeal. *Lopez v. Bondi*, 167 F.4th 223, 227 (4th Cir. 2026).

Without the benefit of *Riley* and *Lopez*, the IJ and BIA found that Burey's motion, submitted on September 28, 2022, was untimely. On remand, the BIA should consider in the first instance at what point Burey's order of removal became final and therefore whether his motion was in fact untimely.

Whether Burey's attorney returned to the immigration court after that date bears no relevance to the motion's timeliness. Furthermore, Burey submitted a sworn affidavit that, though his counsel did not return to the immigration court, he continued to call the immigration court and attempted to file the motion both electronically and by mail, to no avail.

Second, the BIA found that Burey could not establish prejudice because he had not yet filed his self-petition for immigration relief with USCIS. The statute, however, does not require this precondition. The self-petition that Burey intends to file is known as a Form I-360 VAWA self-petition. When filing a motion to reopen on the basis of a VAWA self-petition, Section 1229a(c)(7)(C)(iv)(II) requires a petitioner to submit a "copy of the self-petition that has been *or will be filed* with [USCIS] upon the granting of the motion to reopen[.]" 8 U.S.C. § 1229a(c)(7)(C)(iv)(II) (emphasis added). Burey's motion to reopen his proceedings was accompanied by a copy of his Form I-360 VAWA self-petition. The statute, by its plain terms, requires nothing more.

In concluding that Burey could not establish that he had been prejudiced because he had not yet filed the Form 1-360 self-petition, the BIA improperly imposed a requirement not found in the statute. *See Perez Vasquez*, 4 F.4th at 224 (holding that the BIA's improper interpretation of a statutory requirement constitutes a legal error that "provides an additional and independently sufficient ground for vacatur").

The parties agree that, had the immigration court accepted either Burey's electronic or paper filing on September 21, 2022, the motion to reopen would have been timely filed under 8 U.S.C. § 1229a(c)(7)(C)(iv)(II). The Government does not dispute that Burey

9

articulated a *prima facie* case to reopen his proceedings under VAWA. The immigration court's refusal to accept Burey's motion on September 21, 2022, therefore prejudiced his ability to succeed on the merits of his motion to reopen.

The evidence in this case compels one conclusion: Burey was denied due process.[4]

### III.

For immigration judges to adjudicate cases on their merits, petitioners must, at a minimum, be able to file their motions. Filing a motion should not be a game of gotcha. For the reasons set forth above, we grant the petition for review, reverse the BIA's denial of Burey's motion to reopen, and remand for further proceedings consistent with this opinion.

*PETITION GRANTED,*
*REVERSED AND*
*REMANDED WITH INSTRUCTIONS*

---

[4] Because we reverse the BIA's ruling with respect to Burey's right to procedural due process, we do not reach his alternative arguments that the filing deadline should have been waived or equitably tolled.